UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMETRIUS MILLER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:18-cv-01913-TWP-MJD |
| WARDEN New Castle Correctional Facility, | ) ) ) |
| Respondent. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, VACATING SANCTIONS, AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Demetrius Miller for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 16-09-0154. For the reasons explained in this Entry, Mr. Miller's habeas petition must be **GRANTED**.

A.  OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## B. THE DISCIPLINARY PROCEEDING

On September 26, 2016, Correctional Officer Robbins issued a Report of Conduct charging Mr. Miller with a violation of Code A-111/113, attempted trafficking. Dkt. 13-1. The Report of Conduct states:

> On this date an approx. time Offender Miller 246965 at chemical exchange ask me Ofc. Robbins 'Aey man where's my chicken sandwich you owe me.' Offender Miller has said this many times in front of other offenders at chemical exchange. Last week I warned Offender Miller not to say this again or he would get a write up.

*Id.* (capitalization modified). Mr. Miller was notified of the charge on September 27, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report) Dkt. 13-1; dkt. 13-2. Mr. Miller pleaded not guilty and requested offenders Young and Atkins as witnesses, but did not request any other evidence. Dkt. 13-2.

The Hearing Officer conducted a disciplinary hearing on October 4, 2016. Dkt. 13-6. The Hearing Officer noted that Mr. Miller stated, "All I said to him was man that look good. We joke around like that. I always talk about him giving me food like that. It was a joke." (capitalization modified). *Id*. The Hearing Officer found Mr. Miller guilty of violating Code A-111/113, attempted trafficking. *Id*. The sanctions imposed included the deprivation of 90 days of earned credit time and a demotion of one credit class. *Id*.

Mr. Miller filed an appeal to the Facility Head and the Final Reviewing Authority. Dkt. 13-7; dkt. 13-8; dkt 13-9. Both appeals were denied. Dkt. 13-9; dkt. 13-10. Mr. Miller then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. ANALYSIS

Mr. Miller asserts his conviction was not supported by sufficient evidence. He states that the behavior set forth in the Report of Conduct and the Notice of Disciplinary Hearing (Screening

Report) does not amount to attempted trafficking. Dkt. 1 at 5. In response, the Respondent argues that Mr. Miller is not entitled to any habeas relief because there is some evidence to support the decision of the Hearing Officer.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. Miller was charged with and found guilty of a violation of Code A-111/113. Dkt. 1; Dkt. 2. The version of Code A-111 in effect at the relevant time prohibited "[a]ttempting or conspiring or aiding and abetting with another to commit a Class A offense." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, at 2 (June 1, 2015). Code A-113 prohibited "engaging in trafficking (as defined in Ind. Code § 35-44.1-3-5) with anyone who is not an offender residing in the same facility." *Id*. Under the referenced statute, trafficking occurs when "[a] person who, without the prior authorization of the person in charge of a penal facility … knowingly or intentionally:" (1) "delivers, or carries into the penal facility … with intent to deliver, an article to an inmate …"; (2) "carries, or receives with intent to carry out of the penal facility … an article from an inmate …"; or (3) "delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate … of a jail work crew or community work crew." Ind. Code §

3

35-44.1-3-5(b)(1-3). The statute also discusses instances where the item trafficked is a "cellular telephone or other wireless or cellular communication device…." Ind. Code § 35-44.1-3-5(c)(2).

The question before the Court is "whether there is *any evidence* in the record that could support the conclusion" that Mr. Miller engaged in attempted trafficking. *Hill*, 472 U.S. at 455–56 (emphasis added). The record before the Court does not show that the Hearing Officer's decision satisfies even this extremely deferential standard of review.

Respondent does not contend that Mr. Miller was attempting to deliver alcoholic beverages pursuant to Ind. Code § 35-44.1-3-5(b)(3) nor does he claim that the attempted trafficking involved a cellular telephone or other electronic communications device as set forth in Ind. Code § 35-44.1-3-5(c)(2). Therefore, Mr. Miller could have only attempted to traffic by attempting to deliver or carry an item into the facility with intent to deliver it to another inmate. None of the evidence relied upon permits the conclusion that Mr. Miller was involved in an attempt to traffic.

It is true that a prison official's conduct report "alone" can "provide[] 'some evidence' for the … decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). However, the Report of Conduct issued in this case is not sufficient to support Mr. Miller's conviction. It merely states that Mr. Miller asked Officer Robbins "where's my chicken sandwich you owe me?" and had done so previously. Dkt. 13-1. This statement does not show Mr. Miller was attempting to deliver or carry into the facility, with intent to deliver, a chicken sandwich, or attempting to carry or receive, with intent to carry, out of the facility, a chicken sandwich.

The other material considered by the Hearing Officer—Mr. Miller's statements and witness statements—provide no more evidence of an attempt to traffic than the Report of Conduct. Mr. Miller's statement during the disciplinary hearing, "that [chicken sandwich] look good," and the witness statements confirming what is stated in the Report of Conduct do not provide any

additional evidence of attempted trafficking. Dkt. 13-2; dkt. 13-3; dkt. 13-4. These statements stand by themselves as the only evidence of Mr. Miller's allegedly violative conduct, and none of them describe any conduct prohibited by Code A-113.

**D.    CONCLUSION**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  Because Mr. Miller was denied due process in No. NCF 16-09-0154, his disciplinary conviction must be **VACATED AND RESCINDED.**  Mr. Miller's petition for a writ of habeas corpus is **GRANTED**. His earned credit time and credit-earning class must be **IMMEDIATELY RESTORED**, and his new release date must be calculated accordingly.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date:   4/29/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEMETRIUS MILLER
246965
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov